WHOLESALE APPARELS, Inc., Douglas
PARRISH and Floyd McCANN v. HUBBARD
PANTS COMPANY

73-174                                    502 S.W. 2d 453

Opinion delivered December 17, 1973

*House, Holmes & Jewell,* for appellants.

*W. J. Walker,* for appellee.

J. Fred Jones, Justice. This is an appeal by Wholesale Apparels, Inc., Douglas Parrish and Floyd McCann from a joint and several circuit court judgment rendered in favor of Hubbard Pants Company on an account for merchandise sold to Wholesale Apparels, Inc. with payment personally guaranteed by Parrish and McCann.

The background facts appear as follows: Parrish and McCann organized a new corporation under the name of Wholesale Apparels, Inc. The new corporation having little, if any, net worth contemplated business operations which necessitated acquiring on credit a stock of goods for resale. The corporation, in order to acquire such merchandise for resale, sought credit from various suppliers, one of whom was the appellee, Hubbard Pants Company. The Hubbard Company, before extending credit to the corporation, required a personal guaranty agreement from Parrish and McCann. On July 27, 1970, Parrish and McCann arranged for the purchase of merchandise from Hubbard Pants Company and delivered to Hubbard an agreement which reads as follows:

"We agree to personally indemnify your Company on any balance owed your Company by Wholesale Apparels, Inc. located in Little Rock, Arkansas."

In reliance upon this agreement, Hubbard advanced credit to Wholesale Apparels, whose unpaid balance on account finally amounted to $14,487.89. When Hubbard pressed for payment of this balance, Mr. Parrish, as president of Wholesale Apparels, wrote a letter to Hubbard Company on September 8, 1971, advising that Wholesale had not had sufficient sales to meet its obligations; admitting that it owed to Hubbard Company a balance of approximately $15,000, and inquiring if Hubbard Company would accept $4,500 as payment in full. Hubbard refused this offer and on November 19, 1971, it filed its suit praying a joint and several judgment against Wholesale Apparels, Inc. and Douglas Parrish and Floyd McCann as guarantors.

On appeal to this court the appellants contend that there is no substantial evidence to support the trial court's finding that the guaranty agreement executed by Parrish and McCann was an unlimited and continuing agreement. They argue that their agreement was only intended to cover the balance due on the initial purchase and was not intended to apply to balances due on subsequent purchases. According to the testimony of the credit manager for Hubbard Company and a copy of invoice sent out on July 31, 1970, the credit balance on the initial purchase amounted to only $121.20, and this amount was subsequently paid. Sheets from the ledger maintained by Hubbard Company were introduced into evidence and show numerous entries of charges and credits between July 31, 1970, and June 30, 1971, and the balance on the account in the amount of $14,487.89 is not questioned.

The only question on this appeal is whether there is any substantial evidence to sustain the trial court's finding that the guaranty agreement was entered into with the intention and for the purpose of guarantying the payment of the corporate account over the entire period involved in this case, or whether it was intended to cover only the initial transaction as contended by Parrish and McCann.

Following several entries on the ledger sheets above referred to, there is shown an account balance, as of November 10, 1970, in the amount of $4,338.50. On that date

Mr. Parrish wrote a letter to Hubbard Company confirming a previous telephone conversation in relation to one of the stores owned and operated by Wholesale Apparels. The letter advised that 50% of the stock in Wholesale Apparels was owned by Mr. Parrish and 50% by Mr. McCann, and the letter then reads in part as follows:

> "This being a new Corporation and starting with a small net worth, Douglas Parrish and Floyd McCann have personally endorsed any liabilities of this company to the Hubbard Company. This endorsement should be in your credit files.
> * * *
> The stated balance of $5,025.25 in your letter of November 2 agrees with our records. . . ."

We are of the opinion there is substantial evidence to support the trial court's finding.

The judgment is affirmed.

HARRIS, C.J., not participating.